**NO. 26-5195**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

ROBERT ZENAS WHIPPLE, III

Plaintiff-Appellee

v.

KNOX COUNTY, TN., ET AL.,

Defendants

JULIE NEWMAN, Nurse Practitioner,
KCSO; MARGARET MCINTOSH,
Medical Assistant, KCSO,

Defendants – Appellants

---

On appeal from the United States District Court for the
Eastern District of Tennessee at Knoxville
Honorable Travis R. McDonough, Presiding
District Court No. 3:24-cv-00335

---

**OPENING BRIEF OF JULIE NEWMAN AND MARGARET MCINTOSH**
**DEFENDANTS / APPELLANTS**

David S. Wigler (BPR# 014525)
Senior Deputy Knox County Law Director
Suite 612 City County Building
400 Main Street
Knoxville, Tennessee 37902
(865) 215-2327

**Oral Argument Requested**

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a) and Sixth Circuit Rule 34(a), Appellants Julie Newman and Margaret McIntosh respectfully request oral argument. Counsel submits that the decisional process will be significantly aided by oral argument, as this appeal raises critical questions regarding individual pleading standards and the application of qualified immunity at the motion to dismiss stage.

First, oral argument will assist the Court in addressing threshold pleading defects under *Ashcroft v. Iqbal*. For all the complaint alleges, Appellants—a jail nurse and a medical assistant —scheduled an outside specialist referral within five days of receiving Plaintiff's medical records. The Amended Complaint omits any allegation that an earlier appointment was available or that subsequent third-party scheduling changes were individual actions attributable to Appellants. Argument will clarify how the district court's reliance on pure speculation and group pleading conflicts with this Circuit's personal-involvement requirement for § 1983 liability.

Second, argument will address the district court's misapplication of qualified immunity law. In denying immunity, the district court relied on acute emergency medical precedents involving active heart attacks and traumatic skull fractures. This case presents a fundamentally different question: whether a nonemergency, external diagnostic referral for an inmate with Barrett's esophagus must be secured within a particular timeframe under the Fourteenth Amendment. Oral argument will allow the Panel to examine whether any binding authority places the unlawfulness of Appellants' administrative scheduling actions "beyond debate."

Appellants respectfully request 15 minutes of oral argument per side to assist the Court in resolving these dispositive legal questions.

Respectfully submitted,

/s/ David S. Wigler
DAVID S. WIGLER (BPR # 014525)

# CORPORATE DISCLOSURE STATEMENT

Pursuant to 6th Cir. R. 26.1, Appellants make the following disclosures:

1. Is either of said parties a subsidiary or affiliate of a publicly owned corporation?

No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

No.

s/David S. Wigler
David S. Wigler, BPR No. 014525
Attorney for Appellants

# TABLE OF CONTENTS

Statement Regarding Oral Argument .............................................................. ii

Corporate Disclosure Statement .................................................................. iii

Table of Contents .......................................................................................... iv

Table of Authorities ...................................................................................... vi

Jurisdictional Statement ..................................................................................1

Statement of Issues Presented for Review .........................................................2

A. Did Plaintiff fail to plausibly allege any delay or deliberate indifference in scheduling necessary medical screening by an outside GI specialist, and factual or proximate causation of any injury or harm?

B. Did the district court impermissibly fail to conduct an individualized qualified immunity analysis, and fail to identify any precedent placing the unlawfulness of each Defendants' conduct "beyond debate?"

Statement of the Case.......................................................................................3

Procedural History Preceding the Amended Complaint .............................3

Allegations of the Amended Complaint ....................................................5

Procedural History Following the Amended Complaint.............................7

Summary of the Argument................................................................................9

Argument

Standards for Review of Qualified Immunity at the Motion To Dismiss Stage .......................................................................11

Standards for Motions to Dismiss ....................................................... 12

Required Elements for Claims of Deliberate Indifference ........................ 13

A. Plaintiff failed to plausibly allege any delay or deliberate indifference in scheduling necessary medical screening by an outside GI specialist, and factual or proximate causation of any injury or harm ........................................................ 14

B. The district court impermissibly failed to conduct an individualized qualified immunity analysis, and failed to identify any precedent placing the unlawfulness of each Defendants' conduct "beyond debate" .................................... 20

Conclusion ........................................................................................ 24

Certificate of Compliance .................................................................. 25

Certificate of Service ......................................................................... 25

Addendum ......................................................................................... 26

# TABLE OF AUTHORITIES

## Cases

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505-06 (6th Cir. 2013) .......... 13, 19

*Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) .......... 18

*Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) .......... 20

*Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) .......... 12, 14, 18, 19

*Becker v. Montgomery,* 43 F. App'x 914, 917 (6th Cir. 2002) .......... 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .......... 12, 19, 20

*Binay v. Bettendorf,* 601 F.3d 640, 650 (6th Cir. 2010) .......... 14

*Blackmore v. Kalamazoo County*, 390 F.2d 890, 898 (6th Cir. 2004) .......... 14

*Burnett v. Grattan*, 468 U.S. 42, 50, 82 (1984) .......... 12, 19

*Crawford v. Tilley,* 15 F.4th 752, 759 (6th Cir. 2021) .......... 1

*District of Columbia v. Wesby,* 583 U.S. 48, 63 (2018) .......... 23

*Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 552 (6th Cir. 2009) .......... 21, 22

*Eastep v. City of Nashville,* 156 F.4th 819, 825-26 (6th Cir. 2025) .......... 11

*Estate of Carter v. City of Detroit*, 408 F.3d 305, 313 (6th Cir. 2005) .......... 21, 22

*Farmer v. Brennan,* 511 U.S. 825, 834 (1994) .......... 13

*Frazier v. Ramsey*, No. 2:04-cv-265, 2006 U.S. Dist. LEXIS 75457, at *12-13 (E.D. Tenn. Oct. 16, 2006) .......... 21

*Fitzke v. Shappell,* 468 F.2d 1072, 1076 (6th Cir. 1972) .......... 21, 22

*Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) ........ 12, 19

*Johnson v. Moseley,* 790 F.3d 649 (6th Cir. 2015) ........ 11

*Kerchen v. University of Michigan*, 100 F.4th 751, 761 (6th Cir. 2024) ........ 11

*Kollaritsch v. Mich. State Univ. Bd. of Trs.,* 944 F.3d 613, 625 (6th Cir. 2019) ........ 14

*Lee v. Vanderbilt Univ.,* No. 22-5607, 2023 U.S. App. LEXIS 15820, at *19 (6th Cir. June 22, 2023) ........ 19

*Morabito v. Holmes,* 628 Fed. Appx. 353, 359, 2015 U.S. App. LEXIS 17737 (6th Cir. 2015) ........ 21

*Myers v. City of Centerville,* 41 F.4th 746, 758 (6th Cir. 2022) ........ 11

*Nallani v. Wayne Cty.,* No. 15-2502, 2016 U.S. App. LEXIS 22421, at *19 (6th Cir. Dec. 15, 2016) ........ 14

*Phillips v. Tangilag*¸14 F.4th 524, 534-35 (6th Cir. 2021) ........ 13, 14

*Poynter v. Shirley,* _____ F.4th ______, 2026 U.S. App. LEXIS 27570 at *16-17 (6th Cir. Sep. 8, 2026) (en banc) ........ 13, 14

*Rondigo, L.L.C. v. Twp. of Richmond,* 641 F.3d 673, 680 (6th Cir. 2011) ........ 12, 20

*Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) ........ 13

*Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988) ........ 12, 19

*Smith v. Mia. Valley Hosp.*, No. 24-3983, 2026 U.S. App. LEXIS 11138, *3 (6th Cir. Apr. 20, 2026) ........ 11

*Tipton v. Corizon Jeremy,* No. 1:16-cv-299, 2016 U.S. Dist. LEXIS 144568, at *6-7 (E.D. Tenn. Oct. 18, 2016) ........ 21

*White v. Pauly*, 580 U.S. 73, 79 (2017) ....................20

*Yerkes v. Ohio State Highway Patrol,* 2022 U.S. App. LEXIS 35260 *11 (6th Cir. 2022)....................14

**Statutes**

28 U.S.C. § 1291 ....................1

28 U.S.C. §§ 1331 and 1343 ....................1

42 U.S.C. § 1983 ....................1

## STATEMENT OF JURISDICTION

District courts have original jurisdiction over 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343. The district court's order denying Defendants' motion to dismiss for qualified immunity was entered March 2, 2026. [Order,RE.211,PageID#:939]. Defendants filed a timely Notice of Appeal on March 10, 2026. [NoticeofAppeal,RE.214,PageID#:956].

This Court has appellate jurisdiction over Defendants' interlocutory appeal because a district court's order rejecting qualified immunity at the motion-to-dismiss stage is a "final decision" within the meaning of 28 U.S.C. § 1291. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**A. Did Plaintiff fail to plausibly allege any delay or deliberate indifference in scheduling necessary medical screening by an outside GI specialist, and factual or proximate causation of any injury or harm?**

**B. Did the district court impermissibly fail to conduct an individualized qualified immunity analysis, and fail to identify any precedent placing the unlawfulness of each Defendants' conduct "beyond debate?"**

## STATEMENT OF THE CASE

### Procedural History Preceding the Amended Complaint

Plaintiff filed his original pro se complaint on August 14, 2024. [Complaint,RE.1,PageID#17]. The district court screened the original complaint and allowed Plaintiff's claims for denial of medical treatment to proceed only against Knox County and Nurse Sherry Whitehead. [ScreeningOrder,RE.6,PageID#23]. Plaintiff moved to Amend his Complaint on November 1, 2024. [MotiontoAmendComplaint,RE.27,PageID#135].

While certain motions were pending, Plaintiff filed a petition for a writ of mandamus with this Court, asserting that the district court's sixty-day (60) delay in ruling on his motions was an abuse of discretion. [PetitionforWrit,RE.56,PageID#269]. On February 21, 2025, the district court entered an order denying Plaintiff's motion for preliminary injunction. [Order,RE.67,PageID#312].

Plaintiff filed a second appeal to this Court, appealing the district court's denial of his motion for preliminary injunction. [NoticeofAppeal,RE.74,PageID#357]. Before this Court addressed either appeal, Plaintiff filed motions to voluntary dismiss the appeals, which were granted. [Orders,RE.95,PageID#438;RE.96,PageID#440].

On February 26, 2025, the district court entered an order addressing Plaintiff's numerous other motions. [Order,RE.71,PageID#337]. The court granted Plaintiff leave to file a complete proposed amended complaint within 15 days from entry of the order. [*Id.*,PageID#343]. Fifteen days from entry of the order was March 13, 2025, and Plaintiff failed to comply. Indeed, Plaintiff filed a "Notice of No Intent to File Proposed Amended Complaint." [Notice,RE.87,PageID#403]. Accordingly, Defendants Knox County and Whitehead moved to dismiss the original complaint [Complaint,RE.1,PageID#17]. [MotiontoDismissWhitehead,RE.92,PageID#416; MotiontoDismissKnoxCounty,RE.93,PageID#428]. Knox County and Whitehead also moved to stay discovery while their motions to dismiss were pending. [MotionforStay,RE.104,PageID#465].

Reversing course, on March 31, 2025, Plaintiff filed an untimely proposed amended complaint [RE.106,PageID#472]. On September 16, 2025, the district court entered an order screening Plaintiff's proposed amended complaint, dismissed Defendants Knox County and Whitehead, and addressed Plaintiff's many motions. [Order,RE.171,PageID:739]. One claim of deliberate indifference in providing medical care was permitted to proceed against two brand new defendants, Appellants Julie Newman and Margaret McIntosh (hereinafter "Defendants"). [RE.171,PageID##749–752;756].

The district court also construed "a later-filed emergency motion for appointment of counsel … as a supplement to the complaint" and directed the Clerk to file the proposed amended complaint and the motion "as a single second amended complaint." [RE.171,PageID#746,n.1]. The Clerk complied. [AmendedComplaintRE.172,PageID#777]. Defendants Newman and McIntosh will refer to this document as the Amended Complaint.

**Allegations of the Amended Complaint**

Plaintiff sued ten defendants in his Amended Complaint, including Defendants Newman and McIntosh. Defendant Newman was a nurse, and Defendant McIntosh was a medical assistant. [AmendedComplaint,RE.172,PageId#783]. Plaintiff alleges that he has "a condition known as Barrett's esophagus, a gastrointestinal (GI) condition associated with increased cancer risk and requiring regular cancer screening with an EGD and biopsy." [AmendedComplaint,RE.172,¶2,PageID#785]. On August 14, 2023, almost a year before his incarceration in Knox County's Roger D. Wilson Detention Facility, Plaintiff had an esophagogastroduodenoscopy ("EGD") at a hospital in West Virginia. [*Id.*,¶3,PageID#785].

Plaintiff's records from the West Virginia hospital stated that a "close patient follow-up [was] recommended" and that Plaintiff "needs repeat EGD in Nov 2023 biopsy or referral to Tertiary hospital for EMR." [*Id.*,¶¶4-5,PageID#785]. Long

before Defendants Newman and McIntosh became involved in Plaintiff's care, there was an initial four month delay in any diagnosis or treatment because "FCI Beckley did not take [Plaintiff] for this follow-up appointment, and [he] was released in February 2024 and extradited to Knoxville." [*Id.*,¶7,PageID#785].

On March 30, 2024, shortly after he arrived in Knox County's detention facility, Plaintiff was released from custody, but found himself re-booked on June 15, 2024. [RE.172,¶14-15,PageID#786]. No deliberate indifference is alleged between March 30 and June 15, 2024. Knox County's detention facility received Plaintiff's medical records from the West Virginia hospital on June 27, 2024. [*Id.*,¶22,PageID#787]. Less than a week later, on July 2, 2024, Defendant Newman ordered Defendant McIntosh to schedule an EGD for Plaintiff. [RE.172,¶32,PageID#788].

Plaintiff alleges that an October 29, 2024 appointment with University Gastroenterology was then rescheduled for February 10, 2025, and finally moved up to January 28, 2025. [RE.172,¶30,PageID#788]. Plaintiff does not allege when the October 29, 2024 appointment was scheduled, and does not allege that an earlier appointment was available.

Finally, Plaintiff alleges "I will not know if I have cancer until I get another EGD/Biopsy. [*Id.*,¶3,PageID#785]. As of September 16, 2025 when the amended complaint was filed, Plaintiff did not know if he had cancer.

[RE.172,¶46,PageID#793]. In the Motion for Appointment of Counsel, Plaintiff asserts that he learned at his April 2025 EGD that he would need surgery to have "tumor-like nodules" that are "probably cancer" removed. Plaintiff also asserts that these tumors were caused by the "nearly two year delay." [RE.172,¶1,PageID#777]. No denial of follow-up care after April 2025 is alleged in either document.

**Procedural History Following the Amended Complaint**

Relevant to this appeal, Defendants Newman and McIntosh were first served with a summons and copy of the amended complaint on October 8, 2025. [RE.177,PageID#814,818]. On October 29, 2025 these Defendants moved the district court to dismiss Plaintiff's Amended Complaint for qualified immunity. [MotiontoDismiss,RE.183,PageID#:837]. Defendants also filed a motion for stay of discovery while their motion to dismiss was pending. [MotionforStayRE.184,PageID#:854].

Defendants' motion to dismiss was denied. [Order,RE.211,PageID#:939–941]. The district court admonished Defendants for filing a motion to dismiss because in its ex parte screening order (which dismissed the original defendants Knox County and Nurse Whitehead), the court stated that it would look unfavorably on any motions to dismiss for failure to state a claim. [RE.171,PageID#740-41].

The district court failed to address the specific qualified immunity arguments raised by the Defendants in their motion. [Order,RE.211,PageID#940–41]. The

district court stated that it had concluded in the screening order that the "amended complaint plausibly alleges that Defendants McIntosh and Newman violated Plaintiff's constitutional rights by "acting deliberately (not accidentally), and also recklessly 'in the face of an unjustifiably high risk of harm to Plaintiff that was either known or so obvious that it should have been known.'" [RE.211,PageID#940].

Of course, the affirmative qualified immunity defense had not been raised before the screening order because these defendants had not been served. And the ex parte screening order had not addressed any of the specific arguments later raised by the newly served Defendants in support of qualified immunity. [MotiontoDismiss,RE.183,PageID#:837]. The district court did not consider in either order how much delay in scheduling the October 29, 2024 appointment was alleged, or how much delay was attributable to either defendant. The court failed to consider how any factual allegations against these individuals were sufficient to overcome qualified immunity. The court did not explain what allegations plausibly suggested that the actions of Newman and McIntosh were deliberate. The court held in one conclusory paragraph that the Defendants violated a clearly established right and therefore were not entitled to qualified immunity. [Order,RE.211,PageID#941].

The district court also denied as moot Defendants' motion for stay of discovery, granted Plaintiff's motion to compel discovery and ordered the Defendants to respond to Plaintiff's written discovery within thirty days of its Order.

[Order,RE.211,PageID#941]. Defendants timely filed their notice of appeal. [NoticeofAppeal,RE.214,PageID#956].

## SUMMARY OF THE ARGUMENT

The district court's denial of qualified immunity constitutes reversible legal error. To survive a motion to dismiss, a pretrial detainee must state a plausible claim of deliberate indifference by alleging facts that satisfy both the objective and subjective components of the Fourteenth Amendment standard established in *Poynter v. Shirley*. Plaintiff's Amended Complaint fails on both fronts, and further fails to establish that either Defendant proximately caused any alleged injury or damages.

First, the GI appointment did not magically appear. Plaintiff failed to plausibly allege that there was any delay at all in scheduling the medical screening appointment with an outside gastroenterology specialist. The district court must have *assumed* that an earlier appointment was available. But the affirmative allegations of the complaint show that five days after the facility received Plaintiff's medical records, Defendant Newman ordered Defendant McIntosh to schedule a medical screening by a specialist. The complaint completely omits the date when Defendant McIntosh complied with that instruction, and it fails to allege that an earlier appointment with an external GI specialist was available. The scheduling changes from October to January are not attributed to these defendants.

Without any plausible allegations of delay by these Defendants in scheduling the appointment,

- there is no plausible allegation that the care Plaintiff received from these Defendants was grossly inadequate;
- there is no plausible allegation of deliberate indifference, reckless disregard of a serious medical need or intent to punish; and
- there is no plausible allegation that these Defendants caused any injury or damages.

Second, the District Court erred by defining the relevant constitutional right at an impermissibly high level of generality and failing to conduct an individualized qualified immunity analysis. Rather than evaluating whether either defendant intentionally or recklessly delayed in scheduling the screening, the court relied on acute medical emergency precedents involving active heart attacks, severe head trauma, and heat stroke. Plaintiff does not allege he had a medical emergency, and the outside specialist did not schedule any diagnostic procedure for three months.

Because Plaintiff’s complaint lacks factual allegations plausibly alleging that these Defendants violated any clearly established right, and because no clearly established binding precedent places the constitutional unlawfulness of each Defendants' alleged conduct "beyond debate," Defendants Newman and McIntosh are entitled to qualified immunity.

## ARGUMENT

### *Standards for Review of Qualified Immunity at the Motion to Dismiss Stage*

This Court reviews *de novo* a district court's decision on a motion to dismiss for qualified immunity. *Eastep v. City of Nashville*, 156 F.4th 819, 825-26 (6th Cir. 2025).

Qualified immunity may be raised at the motion to dismiss stage. *Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015) (reversing the District Court's Denial of Qualified Immunity). A defendant raising qualified immunity is entitled to avoid "the potential disruptiveness of discovery." In fact, when the district court is "faced with a motion based on qualified immunity," it cannot "avoid ruling on the issue" by simply ordering further discovery. *Smith v. Mia. Valley Hosp.*, No. 24-3983, 2026 U.S. App. LEXIS 11138, at *3 (6th Cir. Apr. 20, 2026); *Moseley*, *Supra,* 790 F.3d at 656-657.

> [T]his Court has long held that district courts may not avoid ruling on the merits of a qualified immunity defense and permit litigation to proceed further. *See Skousen*, 305 F.3d at 527; *see also Myers v. City of Centerville*, 41 F.4th 746, 758 (6th Cir. 2022). … [A] decision on qualified immunity at the earliest possible stage of litigation is necessary to vindicate its protection against litigation itself. *See Skousen*, 305 F.3d at 526-27. Thus, the district court also erred in failing to address Defendants' qualified immunity defense before ordering limited discovery. … [W]e we find that … Woods in his individual capacity is entitled to qualified immunity.

*Kerchen v. University of Michigan*, 100 F.4th 751, 761 (6th Cir. 2024).

***Standards for Motions to Dismiss***

A pro se litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50, 82 (1984). Even before *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) adopted a plausibility requirement, this Court held: "It is improper to assume that a plaintiff could prove facts not alleged in the Complaint or to assume a defendant violated laws in ways not alleged. ... Indeed, when a Complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Becker v. Montgomery*, 43 F. App'x 914, 917 (6th Cir. 2002), quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988).

After *Twombly* and *Iqbal*, Plaintiffs must show "more than a sheer possibility that a defendant has acted unlawfully." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The factual allegations must be enough to raise a right to relief above the "speculative level." *Handy-Clay v. City of Memphis, Tenn*., 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). When the context makes the factual allegations at most consistent with both conduct that is actionable and conduct that is not, more is required to "nudge[] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S at 570. If the facts alleged are consistent with both legal conduct

and “purposeful” conduct taken with improper motive, “the existence of obvious alternative explanations simply illustrates the unreasonableness of the inference sought and the implausibility of the claims made.” *16630 Southfield Ltd. P’ship. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505-06 (6th Cir. 2013).

***Required Elements for Claims of Deliberate Indifference***

In *Poynter v. Shirley*, ____ F.4th ____, 2026 U.S. App. LEXIS 27570, at *16-17 (6th Cir. Sep. 8, 2026) (en banc), this Court held that the Eighth Amendment standard of *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) “remains the proper measure for evaluating conditions-of-confinement claims” of pretrial detainees under the Due Process Clause. Thus, claims of deliberate indifference under both constitutional provisions now have the same objective and subjective elements.

With respect to the objective part, Defendants assume for purposes of this appeal that Plaintiff’s Barrett’s Esophagus diagnosis constituted a sufficiently serious medical need. But Plaintiff alleges that he received some care for his condition. To establish the objective element when health care providers provide some care, prisoners must show more that a serious medical need. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013). Objectively speaking, medical care qualifies as "cruel and unusual" only if it is "so grossly incompetent" or so grossly "inadequate" as to "shock the conscience" or "be intolerable to fundamental fairness." *Phillips v. Tangilag,* 14 F.4th 524, 534-35 (6th Cir. 2021). “[B]efore

constitutional liability may arise, there must be "an intent to punish" by the jailer." *Poynter v. Shirley*, *Supra,* at *18-19.

Plaintiffs must also plausibly plead the causation element of a Section 1983 claim, and such issues fall within this Court's jurisdiction if raised in a qualified-immunity appeal. *Kollaritsch v. Mich. State Univ. Bd. of Trs*., 944 F.3d 613, 625 (6th Cir. 2019) ("We hold as a matter of law that … she has not pleaded and cannot show causation necessary to state a viable deliberate-indifference claim"); *See also*, *Yerkes v. Ohio State Highway Patrol*, 2022 U.S. App. LEXIS 35260, *11 (6th Cir. 2022). Defendants Newman and McIntosh raised causation in their motion to dismiss. [RE.,183,PageID#849].

### A. Plaintiff failed to plausibly allege any delay or deliberate indifference in scheduling necessary medical screening by an outside GI specialist, and factual or proximate causation of any injury or harm

In a § 1983 action, an individual "is only liable for his or her own misconduct." *Iqbal*, 556 U.S. @ 677. "Each defendant's liability must be assessed individually based on his own actions" *Nallani v. Wayne Cty.*, No. 15-2502, 2016 U.S. App. LEXIS 22421, at *19 (6th Cir. Dec. 15, 2016), *quoting Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Under the circumstances of this case, Plaintiff must also plausibly allege facts demonstrating that a serious medical injury was *caused* by each defendants' unspecified delay in scheduling his appointment. *cf. Blackmore v. Kalamazoo County*, 390 F.2d 890, 898 (6th Cir. 2004).

Plaintiff's appointment with the GI specialist did not magically appear. To state a plausible Section 1983 claim for a medical scheduling *delay*, it is axiomatic that a plaintiff must allege that the individual defendants could have scheduled it sooner. With respect to the objective component, the complaint fails to allege that either defendant had any ability to secure an earlier appointment with an external GI specialist. With respect to the subjective component, the complaint fails to plausibly allege that either defendant making the appointment acted deliberately, recklessly or with any intent to punish.

Far from disregarding a risk, these Defendants acted with diligence. The affirmative allegations of the Amended Complaint utterly foreclose any plausible inference of delay, let alone any deliberate or reckless indifference by either Defendant:

1. August 14, 2023: Plaintiff had an EGD on August 14, 2023 at a hospital in West Virginia. (AmendedComplaint,RE.172,¶3,-PageID#785). Mr. Whipple's records from the West Virginia hospital stated that a "close patient follow-up [was] recommended" and that Plaintiff "needs repeat EGD in Nov 2023 biopsy or referral to Tertiary hospital for EMR." (*Id.*¶¶4-5).
2. June 15, 2024: Plaintiff was booked into the Knox County Detention Facility. (*Id.*,¶15,PageID#786).
3. June 27, 2024: The facility received Plaintiff's medical records from West Virginia. [*Id.*,¶22,PageID#787]. The complaint does not

allege when Defendant Newman first became aware of these records. Defendant Newman was a nurse. [*Id.,*PageId#783].

4. July 2, 2024: A mere *five days* after the facility received the records, Defendant Newman actively addressed the perceived risk by ordering Defendant McIntosh to schedule a screening EGD. (*Id.*,¶32, PageId#788]. Defendant McIntosh was a medical assistant. [*Id.,*PageId#783].

Plaintiff does aver that it was "the nearly two (2) year delay" that caused cancerous nodules. [RE.172,¶1,PageID#777]. Defendants Newman and McIntosh are certainly not responsible for any delay before they obtained Mr. Whipple's medical records in July of 2024 and became aware of Plaintiff's diagnosis and need for follow up care. By then, it had been eleven months since August 2023 when he was seen by the first GI specialist who recommended follow-up care, biopsy or referral to Tertiary hospital for EMR. [*Id.*,¶¶4-5,PageID#778]. For this lengthy period, Plaintiff alleges "the United States and/or BOP staff in West Virginia likely share liability since they failed to take me for follow-up in 2023." [*Id.,*¶8,PageID#778].

Defendants Newman and McIntosh are also not responsible for any delay while Plaintiff was released from custody and apparently failed to obtain an EGD with a specialist on his own. And Defendants Newman and McIntosh are not

responsible for any delay after January 28, 2025, when Plaintiff's GI care was transferred to the GI specialist, who delayed for months in scheduling the EGD.

Focusing on the entire time these Defendants were potentially involved at all, and hypothetically could have obtained an earlier appointment sometime between July 2, 2024 when Defendant Newman ordered Defendant McIntosh to schedule an EGD, and the date of the appointment on January 28, 2025 (which is not alleged), that was only a six month period out of more than two years of total delay. But two glaring omissions from the amended complaint are devastating to Plaintiff's claim that these individual defendants are responsible for that six month period.

Again, the October appointment did not magically appear; and the amended complaint fails to allege the date when Defendant McIntosh complied with Defendant Newman's order and scheduled the October appointment. Second, the amended complaint fails to allege that an earlier appointment with a specialist for an EGD was available.

Without such allegations, it is utter speculation to infer that either defendant was deliberately or recklessly indifferent, let alone "grossly incompetent" or that they caused any injury or harm. For all that appears in the complaint, Defendant McInstosh promptly followed Appellant Newman's order and scheduled Mr. Whipple for the earliest available appointment with a GI specialist.

If Appellant McInstosh followed Appellant Newman's instruction and scheduled Mr. Whipple's first appointment promptly, and the earliest available appointment with a GI specialist was four months away in October, Appellant McInstosh was not even negligent; and Defendant Newman did not fail to supervise Defendant McIntosh. "Without supporting facts, the argument [that these defendants deliberately or recklessly denied medical care] becomes a conclusory statement insufficient to state a plausible claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 680).

True, Plaintiff also alleges that the October 29, 2024 appointment with University Gastroenterology was rescheduled for February 10, 2025, and finally moved back to January 28, 2025. [RE.172,¶30,PageID#788]. But there were ten defendants named in the amended complaint, including a physician's assistant, two medical supervisors, and a medical director. [RE.172,PageId#783]. And these scheduling changes, from October to February and back to January, are not attributed to either of these Defendants by any facts alleged in the amended complaint.

Nor are any reasons for the scheduling changes alleged. The scheduling changes could have been required by the GI specialist, which would have been beyond the control of these Defendants. It is sheer speculation that these Defendants intentionally delayed the October appointment and were responsible for the

scheduling changes to January. As this Court held even before *Twombly* and *Iqbal* adopted a plausibility requirement,

> we are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

After *Twombly* and *Iqbal*, the factual allegations must be enough to raise a right to relief above the "speculative level." *Handy-Clay v. City of Memphis,*, 695 F.3d 531, 538 (6th Cir. 2012). If the facts alleged are consistent with both legal conduct and "purposeful" conduct taken with improper motive, "the existence of obvious alternative explanations simply illustrates the unreasonableness of the inference sought and the implausibility of the claims made." *Lee v. Vanderbilt Univ.*, No. 22-5607, 2023 U.S. App. LEXIS 15820, at *19 (6th Cir. June 22, 2023), citing *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013).

A pro se litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50, 82 (1984). The allegations and omissions of this complaint invite sheer speculation. All we know is that Defendant Newman promptly issued a scheduling order, and

Defendant McIntosh executed it. Plaintiffs must show "more than a sheer possibility that a defendant has acted unlawfully." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). When the context makes the factual allegations at most consistent with both conduct that is actionable and conduct that is not, more is required to "nudge[] [the] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007).

### B. The district court impermissibly failed to conduct an individualized qualified immunity analysis, and failed to identify any precedent placing the unlawfulness of each Defendants' conduct "beyond debate"

In analyzing the qualified immunity defense, the Supreme Court has repeatedly admonished lower courts not to define clearly established law at a high level of generality. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Instead, the constitutional right at issue must be "particularized to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017).

As noted, Plaintiff's complaint fails to allege when Defendant McIntosh followed Defendant Newman's order and scheduled the appointment, and fails to allege that an earlier appointment was available with a GI specialist. On these facts, the only proper constitutional question is whether Plaintiff had a clearly established right to *scheduling* of a medical screening by a GI specialist in less than five days after his medical records were obtained by the facility. To overcome the qualified immunity defense, Plaintiff and the district court were required to identify binding

case law clearly establishing the time frame in which such screening must be *scheduled* under the Eighth or Fourteenth Amendment. Defendants raised this issue in their motion to dismiss, and cited *Tipton v. Corizon Jeremy*, No. 1:16-cv-299, 2016 U.S. Dist. LEXIS 144568, at *6-7 (E.D. Tenn. Oct. 18, 2016); *Frazier v. Ramsey*, No. 2:04-CV-265, 2006 U.S. Dist. LEXIS 75457, at *12-13 (E.D. Tenn. Oct. 16, 2006); and *Morabito v. Holmes*, 628 Fed. Appx. 353, 359, 2015 U.S. App. LEXIS 17737 (6th Cir. 2015). [MotiontoDismiss,RE.183,PageID#:846-47;849]. No deliberate indifference was found in these cases involving a sixteen-day delay, a six-day delay, and a three-month delay in providing medical treatment for other conditions.

Respectfully, the district court ignored these cases and concluded, in one conclusory paragraph, that Defendants Newman and McIntosh violated a clearly established right and therefore were not entitled to qualified immunity:

> The Court also finds that Defendants are not entitled to qualified immunity, as Defendants' denial of a timely EGD to Plaintiff under the alleged circumstances violated a clearly established right. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972) ("[W]here the circumstances are clearly sufficient to indicate the need of medical attention for injury or illness, the denial of such aid constitutes the deprivation of constitutional due process."); *see also Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 552 (6th Cir. 2009); *Estate of Carter v. City of Detroit,* 408 F.3d 305, 313 (6th Cir. 2005).

[Order,RE.211,PageID#941].

The district court's reliance on *Fitzke, Dominguez* and *Estate of Carter v. City of Detroit*, *Supra*, is reversible error. These cases stand only for a general proposition that the denial of immediate medical care for an acute medical emergency violates the Constitution.

Specifically, *Fitzke* involved an arrestee who was totally denied all medical attention despite exhibiting obvious symptoms of a severe brain injury (skull fracture) following an automobile accident. 468 F.2d at 1073–74. *Dominguez* involved a nurse who ignored a pretrial detainee actively suffering from symptoms of heat stroke, refusing to provide immediate emergency intervention or transport as his condition deteriorated. 555 F.3d at 546–47. *Estate of Carter* involved officers who failed to seek emergency medical care or administer aid to a detainee who complained of chest pains and was actively experiencing a lethal heart attack. 408 F.3d at 307.

The Amended Complaint does not allege that Mr. Whipple should have been transported immediately to an emergency room for emergency medical care. On the contrary, as noted, University Gastroenterology assumed responsibility for Mr. Whipple's care on January 28, 2025, and did not treat Mr. Whipple's condition as an emergency. They scheduled him for the EGD procedure in April, three months after his January appointment. [RE.172,¶1,PageID#777;¶3,PageID#785;¶39, PageID#791].

None of the cases cited by the district court addressed, let alone clearly established, how quickly the Eighth or Fourteenth Amendments require a GI appointment to be scheduled for an EGD for Barrett's Esophagus. By relying on precedents involving emergencies to deny qualified immunity in a non-emergency context, the district court committed reversible legal error.

From the limited facts alleged, Plaintiff must show on appeal that he had a clearly established constitutional right to *scheduling* of a diagnostic screening by a GI specialist for Barrett's Esophagus in less than five days. Prior case law certainly does not place this constitutional question "beyond debate." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Plaintiff and the district court failed to identify any binding authority establishing that a five-day turnaround in scheduling an EGD violates the Constitution.

Plaintiff and the district court also failed to identify any binding authority placing a constitutional obligation on a jail nurse and medical assistant to compel third-party medical specialists to prioritize diagnostic screening appointments for inmates over current patients, or emergency cases. Such a rule would be illogical, and as noted, Plaintiff failed to allege that an earlier appointment was available with a GI specialist.

There was no deliberate indifference here, and certainly no gross incompetence or intent to punish. Because no clearly established right was violated, Defendants Newman and McIntosh are entitled to qualified immunity.

## CONCLUSION

For all of the reasons set forth above, Defendants Julie Newman and Margaret McIntosh respectfully contend that this Court should reverse the district court's denial of qualified immunity and dismiss Plaintiff's claims, with prejudice.

Respectfully submitted,

/s/ David S. Wigler
DAVID S. WIGLER (BPR # 014525)
Senior Deputy Law Director
*Counsel for Defendant McIntosh and Newman*
Knox County Law Director's Office
400 Main Street, Suite 612
Knoxville, Tennessee 37902
(865) 215-2327
David.wigler@knoxcounty.org

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(B) and (C), I certify that this brief contains 4,801 words, according to the word-processing system used to prepare this brief, and that the font used is Times New Roman, font size 14.

/s/ David S. Wigler
DAVID S. WIGLER (BPR # 014525)
Senior Deputy Law Director
*Counsel for Appellants*
Knox County Law Director's Office
400 Main Street, Suite 612
Knoxville, Tennessee 37902
(865) 215-2327
david.wigler@knoxcounty.org

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/ David S. Wigler
DAVID S. WIGLER (BPR # 014525)

# ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| **Document** | **Record Number** | **Page ID** |
|---|---|---|
| Complaint | 1 | 17 |
| Screening Order | 6 | 23 |
| Motion to Amend Complaint | 27 | 135 |
| Petition for Writ | 56 | 269 |
| Order | 67 | 312 |
| Order | 71 | 337, 343 |
| Notice of Appeal | 74 | 357 |
| Notice | 87 | 403 |
| Motion to Dismiss Whitehead | 92 | 416 |
| Motion to Dismiss Knox County | 93 | 428 |
| Order | 95 | 438 |
| Order | 96 | 440 |
| Motion to Stay | 104 | 465 |
| Proposed Amended Complaint | 106 | 472 |
| Order | 171 | 739, 740-741, 746, 749-752, 756 |

| | | |
|---|---|---|
| Amended Complaint | 172 | 777, 778, 783, 785-788, 791, 793, 814, 818 |
| Summons and Amended Complaint | 177 | 814, 818 |
| Motion to Dismiss | 183 | 837, 846-847, 849 |
| Motion to Stay | 184 | 854 |
| Order | 211 | 939-941 |
| Notice of Appeal | 214 | 956 |